IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DARRIN LELAND REBER, | Cause No. CV 21-149-M-DLC-KLD |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| PETER BLUDWORTH; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on Petitioner Darrin Leland Reber's petition for writ of habeas corpus. Reber is a state prisoner proceeding pro se.

This petition is Mr. Reber's third federal habeas petition seeking to challenge the validity of judgments entered in Montana's Fourth Judicial District Court in 2017. *See* 28 U.S.C. § 2254(a); *see also* Pet. (Doc. 1) at 2–3 ¶¶ 1–4; Pet. (Doc. 1) at 2–3 ¶¶ 1–4, *Reber v. Bludworth*, No. CV 20-101-M-DLC (D. Mont. filed July 9, 2020); Am. Pet. (Doc. 4) at 2 ¶¶ 1–4, *Reber v. McTighe*, No. CV 19-199-M-DLC (D. Mont. filed Jan. 21, 2020).

The first petition, No. 19-199, was dismissed without prejudice for failure to exhaust state remedies. A certificate of appealability was also denied. *See* Order (Doc. 10) at 2 ¶¶ 1, 4; Judgment (Doc. 11), *Reber*, No. CV 19-199-M-DLC (D.

1

Mont. Apr. 22, 2020). Reber did not appeal.

The second petition, No. 20-101, was dismissed with prejudice as all claims were procedurally defaulted without excuse. A certificate of appealability was also denied. *See* Order (Doc. 11) at 2; Judgment (Doc. 12), *Reber*, No. CV 20-101-M-DLC (D. Mont. Aug. 9, 2021). Reber did not appeal.

This Court lacks jurisdiction to consider another petition challenging Reber's custody on judgments entered in Montana's Fourth Judicial District Court in 2017. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). He must seek leave of the Ninth Circuit Court of Appeals to file in this Court. *See* 28 U.S.C. § 2244(b)(3)(A).

In addition, transfer of the petition to the Court of Appeals is not in the interest of justice. *See* 28 U.S.C. § 1631. The judgments against Reber became final on direct review August 6, 2019. His state habeas petitions were not properly filed, because Montana law does not permit challenges to judgments by means of habeas corpus. *See* 28 U.S.C. § 2244(d)(2); Mont. Code Ann. § 46-22-101(2); Order at 3, *Reber v. Bludworth*, No. OP 20-0275 (Mont. May 26, 2020); Order at 4, *Reber v. Bludworth*, No. OP 21-0210 (Mont. May 18, 2021); *Pace v. DiGuglielmo*, 544 U.S. 408, 415–16 (2005); *Artuz v. Bennett*, 531 U.S. 4, 9 (2000). Thus, in addition to being an unauthorized second or successive petition, Mr. Reber's challenge to the 2017 judgments is now also untimely. *See, e.g., In re*

*Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A certificate of appealability should be denied. Reber does not make a substantial showing that he was deprived of a constitutional right, and reasonable jurists would find no basis for jurisdiction in this Court. *See* 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 140 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, the Court RECOMMENDS:

1. The petition (Doc. 1) should be DISMISSED for lack of jurisdiction as it is an unauthorized second or successive petition.

2. The clerk should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Reber may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

<u>Reber must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 18th day of March, 2022.

*[signature]*
Kathleen L. DeSoto
United States Magistrate Judge