IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DARRIN LELAND REBER,<br><br>Petitioner,<br><br>vs.<br><br>PETER BLUDWORTH and ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 21–149–M–DLC–KLD<br><br><br><br>ORDER |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Findings and Recommendation regarding Petitioner Darrin Leland Reber's petition for writ of habeas corpus. (Doc. 5.) Judge DeSoto recommends that Mr. Reber's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) be dismissed for lack of jurisdiction as an unauthorized second or successive petition. (Doc. 5 at 3.) The Court agrees and will adopt Judge DeSoto's Findings and Recommendation in full.

A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). In the absence of an objection, this Court reviews findings for clear error. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists when the Court

is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Judge DeSoto's Findings and Recommendation notified Mr. Reber of his right to object to her conclusions (Doc. 5 at 3), but he did not object.

This petition is Mr. Reber's third federal habeas petition seeking to challenge the validity of judgments entered in Montana's Fourth Judicial District Court in 2017. *See* 28 U.S.C. § 2254(a); *see also* Petition (Doc. 1) at 2–3, *Reber v. Bludworth*, No. CV 20-101-M-DLC (D. Mont. filed July 9, 2020); Amended Petition (Doc. 4) at 2, *Reber v. McTighe*, No. CV 19-199-M-DLC (D. Mont. filed Jan. 21, 2010). His first petition was dismissed without prejudice for failure to exhaust state remedies, and his second petition was dismissed with prejudice as all claims were procedurally defaulted without excuse.

This Court agrees with Judge DeSoto that the Court lacks jurisdiction to consider another petition challenging Mr. Reber's custody on judgments entered in Montana's Fourth Judicial District Court in 2017. *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (per curiam). He must seek leave of the Ninth Circuit Court of Appeals to file in this Court, 28 U.S.C. § 2244(b)(3)(A), which he has not done.

This Court also agrees that transfer of the petition to the Court of Appeals is not in the interest of justice. *See* 28 U.S.C. § 1631. The judgments against Mr. Reber became final on direct review August 6, 2019. His state habeas petitions

were not "properly filed," as required to toll the statute of limitations set forth in 28 U.S.C. § 2244(d), because Montana law does not permit challenges by means of habeas corpus to the validity of a conviction or sentence of a person who has been adjudged guilty and has exhausted the remedy of appeal. *See* Mont. Code Ann. § 46-22-101(2); Order at 3, *Reber v. Bludworth*, No. OP 20-0275 (Mont. May 26, 2020); Order at 4, *Reber v. Bludworth*, No. OP 21-0210 (Mont. May 18, 2021). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 415–16 (2005); *Artuz v. Bennett*, 531 U.S. 4, 8–9 (2000). Thus, in addition to being an unauthorized second or successive petition, Mr. Reber's challenge to the 2017 judgments is untimely. *See, e.g.*, *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Finally, this Court agrees with Judge DeSoto that a certificate of appealability should be denied. Mr. Reber does not make a substantial showing that he was deprived of a constitutional right, and reasonable jurists would find no basis for jurisdiction in this Court. *See* 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 5) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Mr. Reber's petition (Doc. 1) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that no certificate of appealability shall issue because Mr. Reber has not made a substantial showing that the denial of a constitutional right and reasonable jurists would not disagree on any procedural ruling reached in this case.

The Clerk of Court shall enter a judgment of dismissal by separate document and close the case file.

DATED this 7th day of September, 2022.

Dana L. Christensen, District Judge
United States District Court